IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND; OPERATING ENGINEERS PENSION FUNDS; and INTERNATIONAL UNION OF OPERATIN ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND**, <br><br> Plaintiffs, <br><br> v. <br><br> **ROSS ISLAND SAND & GRAVEL CO.**, <br><br> Defendant. | Case No. 3:19-cv-2025-YY <br><br> ORDER |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on May 27, 2020. ECF 18. Judge You recommended that Plaintiffs' motion for default judgment be granted. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. The Court requested supplemental briefing from Plaintiffs, noting that Judge You had found that Plaintiffs' service of process on Defendant's parent company was sufficient service of process without making any finding relating to the operational relationship between the parent and subsidiary. The Court queried whether this might constitute clear error. *See* 4A Charles A. Wright, *et al.*, Fed. Prac. & Proc. § 1104 (4th ed. 2017) (noting that "the parent-subsidiary relation alone ordinarily does not establish the necessary agency for making service on one through the other if the two maintain separate identities" and only if the two are "interrelated on an operating level" will "service on one as agent for the other [ ] be upheld.");

PAGE 2 – ORDER

*see also Pyure Brands, LLC v. Nascent Health Sci. LLC*, 2019 WL 7945231, at *3 n.1 (S.D. Fla. Mar. 5, 2019) ("The parent-subsidiary relation alone ordinarily does not establish the necessary agency for making service on one through the other if the two maintain separate identities. . . . The federal courts generally have preserved the corporate fiction and been unwilling to pierce the corporate veil." (alteration in original) (quotation marks omitted)); *accord Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 422-23 (9th Cir. 1977) (discussing when a domestic subsidiary may be so intertwined with a foreign parent so as to serve as a "general agent" for service of process).

In response to the Court's request, Plaintiffs clarified that they did not intend to serve Defendant's parent company, but instead to serve Defendant through its registered agent. At the time of service, Defendant's registered agent was located in the same offices as Defendant's parent company. Plaintiffs submitted evidence that at the time of service, the registered agent for Defendant was Ankur Doshi, who was located at the address where Plaintiffs served Defendant. When the process server arrived at the location, Mr. Doshi was reported as no longer working for Defendant. The process server left the summons and complaint at the office of the registered agent with someone else, who was the General Counsel for Defendant's parent company.

Oregon law permits "office service upon a registered agent" and "personal service upon any clerk on duty in the office of a registered agent." Or. R. Civ. P. 7D(3)(b)(i). Office service is completed "by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office." Or. R. Civ. P. 7D(1). The Court finds that leaving copies of the summons and complaint with an individual identified as General Counsel in the offices of the Defendant's registered agent at the time suffices for both office service on the registered agent and personal service upon a clerk on duty in the office of a registered agent.

The Court does not adopt the portion of the Findings and Recommendation concluding that service on Defendant's parent company took place and was sufficient service on Defendant. The Court instead concludes that Plaintiffs served Defendant, through its registered agent at the time. The Court finds no clear error with the remainder of the Findings and Recommendation and adopts those portions of the Findings and Recommendation. Accordingly, the Court **ADOPTS IN PART** Magistrate Judge You's Findings and Recommendation, ECF 18. Plaintiffs' motion for default judgment (ECF 9) is GRANTED.

**IT IS SO ORDERED.**

DATED this 17th day of June, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge